**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRANDON DINGMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2645-R** |
| | ) | |
| **DAVID ROGERS, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Brandon Dingman, an Oklahoma state prisoner proceeding through counsel, brings this action under 28 U.S.C. § 2254 seeking habeas corpus relief from his state court convictions and sentences. *See* Doc. 1.[1] United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

Before the Court is Petitioner's Motion to Transfer the case to the Eastern District of Oklahoma. Doc. 4. For the reasons set forth below, the undersigned recommends that the Court grant the motion.

## I. Transfer of venue under 28 U.S.C. § 1404.

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district [ ] where it might have been brought[.]" 28 U.S.C. § 1404(a). To decide whether a motion to transfer should be granted, courts consider a series of private and public interest factors. The private factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses… and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-9 (1947)). The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home… and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (internal quotations omitted).

In a state with two or more federal judicial districts, a habeas petition is properly brought either in "the district wherein [Petitioner] is in custody or in the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). Jurisdiction is concurrent between the two districts. *Id.*

## II. Petitioner's motion.

Petitioner seeks to transfer this action to the Eastern District of Oklahoma. Doc. 4. Petitioner is currently in custody in Comanche County, Oklahoma, within the Western District. Doc. 1, at 1. However, his state criminal conviction is from Carter County, in the Eastern District. *Id.* Therefore, jurisdiction is proper in both districts.[2] 28 U.S.C. § 2241(d).

Petitioner states that transfer would "serve[] the interests of judicial economy, avoid[] unnecessary duplication of administrative efforts, and ensure[] that the matter is adjudicated by the proper jurisdictional forum without prejudice to either party." Doc. 4, at 2. Petitioner does not offer argument regarding the private and public interest factors. *See generally* Doc. 4. However, the undersigned finds that the location of the relevant evidence and witnesses will likely be found in the district of Petitioner's underlying conviction. Additionally, Petitioner's claims may be time-barred if the petition is dismissed and he is forced to re-file in the Eastern District. Doc. 1, at 6-7 (calculating that one-year statutory period will expire on October 25, 2026).

---

[2] Petitioner seeks to transfer the case under either 28 U.S.C. § 1404 or § 1406. Doc. 4, at 1. However, because jurisdiction is proper in this district, the undersigned analyzes the motion only under § 1404.

Therefore, the undersigned recommends the Court grant the motion to transfer.

## IV. Recommendation and notice of right to object.

The undersigned advises the parties of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 9, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 2nd day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE